[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by a complaint filed by the plaintiff husband on December 2, 1997 seeking a dissolution of marriage on the ground of an irretrievable breakdown. On January 9, 1998, the defendant filed an answer and a cross complaint also seeking a dissolution on the basis of an irretrievable breakdown. CT Page 6641
A trial on the complaint and cross complaint was conducted on May 12, 2000. Both parties were present and were represented by counsel. The court heard from two witnesses: the plaintiff; Lawrence R. Morin, and the defendant, Pamela Morin. Several documents were also introduced into evidence. From the testimony and evidence produced, and after carefully assessing the credibility of the witnesses, the court finds the following to have been proven.
The plaintiff and the defendant, whose prior name was Pamela Smaglis, intermarried on September 20, 1986 in Key Largo, Florida.[1] The parties resided continuously in the State of Connecticut for more than twelve months prior to the date of the complaint. There are two minor children who are issue of this marriage: Sean Kyle Morin, born October 7, 1988 and Shannon Lauren Morin, born April 25, 1990. No state or a public agency has contributed to the support of either party. The court finds that it has jurisdiction over the parties and the marriage.
The plaintiff is 43 years old. He has a high school GED, served approximately two years in the U.S. Navy, and has been employed as a machinist with Turbocare in Manchester, Connecticut for more than 21 years. He currently earns $15.00 per hour for a 40-hour week. The plaintiff is generally in good health, although he takes prescribed medication for high cholesterol and a thyroid problem. He is also in need of extensive dental repair.
The defendant is 44 years old. She is a high school graduate, and in good health. She has been employed as a clerk with Environmental Services, Inc. in Bloomfield, Connecticut for the past six months, and was previously employed by several local businesses over the years. The defendant currently earns $10.00 per hour for a 40-hour week. The range of wages that she has earned is between $7.50 and $10.00 per hour.
The parties have meager assets. They own a house located at 15 Old Birch Road, Stafford, Connecticut valued at $80,000 with an outstanding mortgage loan of approximately $64,000. The plaintiff has a 1989 Dodge Dakota which has been driven more than 120,000 miles. The defendant has a 1993 Ford Escort which is subject to a loan balance of $3,000. Mr. Morin has a bank account containing $138, and he has approximately $27,000 in a 401(k) fund.
There is no single reason why this thirteen-year marriage has broken down. The plaintiff suggests that the defendant's alcohol abuse was a contributing factor and the defendant simply states that she fell out of love with the plaintiff. Both parties clearly love and care for the children. CT Page 6642
After taking into consideration all of the statutory criteria, including the factors set forth in § 46b-62, § 46b-81, § 46b-82, § 46b-84, and applying the same to the evidence, the court enters the following orders.
(1) A decree is entered dissolving the marriage of the parties on the grounds of an irretrievable breakdown, all the allegations of the complaint and cross complaint having been proven true.
(2) The parties shall share joint legal custody of the minor children, Sean Kyle Morin and Shannon Lauren Morin. The primary place of residence shall be with the defendant mother. The parties have been successfully utilizing a shared parenting plan recommended by the Family Relations Division of this Court. Those recommendations are contained within the Family Relations Evaluation Report of January 27, 1999. The parties have asked that this arrangement be allowed to continue. The court agrees that this shared parenting plan is a workable arrangement which is in the best interest of both the parents and the children. Accordingly, the recommendations of the Family Relation Officer contained in paragraphs one through nine of pages 10-11 (attached hereto) of the above referenced Family Relations Evaluation shall be incorporated by reference into this judgement and are made orders of the court.
(3) The plaintiff shall make child support payments to the defendant for the minor children in the amount of $25.00 per week for each child until said child reaches 18 years of age. However, if upon reaching the age of 18 years the child remains a full time high school student the plaintiff shall continue to make child support payments until the child reaches the age of 19 years or leaves high school, whichever occurs first. Said payments shall be made to the defendant before the tenth day of each month beginning with the month of June 2000.
(4) The plaintiff shall maintain medical and dental insurance coverage for the minor children through his employer for as long as he is obligated to pay child support. Each party shall be responsible for 50% of the unreimbursed medical/dental expenses of the minor children. This slight deviation from the child support guidelines is reasonable based upon the shared parenting plan adopted by the court. The provisions of Conn. Gen. Stat. 46b-84, as amended, shall apply.
(5) Each party shall be entitled to claim one minor child as an exemption on their state and federal income tax returns. When one child can no longer be taken as an exemption, the parties shall alternate claiming the exemption for the remaining child. The plaintiff shall be entitled to claim said child during the first such year. CT Page 6643
(6) While the income of each party is relatively modest, there is nevertheless a significant difference in the actual earnings of the parties. The court finds that given her current income, the defendant will require some additional financial assistance for a period of time in order to maintain the marital home for her self and the children, as well as to acquire additional skills to enhance her earning capacity for the future. Accordingly, the court orders the plaintiff shall pay to the defendant periodic alimony in the amount of $100 per month for five years. Said payments are to be made to the defendant before the tenth day of each month beginning with the month of June 2000. The alimony shall terminate on the death of either party, the remarriage of the defendant, or May 10, 2005, whichever first occurs. The alimony shall not be modifiable as to duration.
(7) The plaintiff shall quit claim to the defendant all of his right, title and interest in the marital home known as 15 Old Birch Road, Stafford, Connecticut. The defendant shall hold the plaintiff harmless on all expenses in connection with said real estate including, but not limited to, the mortgage, and taxes. The defendant shall pay to the plaintiff the sum of $8,000, which constitutes his share of the equity in the marital residence. Said payment shall be made by means of a reduction in the full amount she would otherwise receive from the division of plaintiffs' 401(k) fund.
(8) The plaintiff's 401(k) plan shall be divided equally between the parties by means of a QDRO. The defendant's share of the funds from the 401(k) account shall be reduced by the sum of $8,000 which will constitute payment to the plaintiff of his share of the equity in the marital residence.
(9) The plaintiff shall maintain sole possession of his 401(k) fund, his Tolland Bank savings account, the 1989 Dodge Dakota, and all personal property currently in his possession.
(10) The defendant shall maintain sole possession of the 1993 Ford Escort and all personal property currently in her possession.
(11) Each party shall be solely responsible for the debts and liabilities shown on their financial affidavits and shall hold the other party harmless for the same.
(12) Each party shall be responsible for his and her own attorney's fees and costs.
(13) The defendant may resume her maiden name of Pamela Smaglis. CT Page 6644 Plaintiffs' counsel shall prepare and submit a judgement file within 30 days of the date of this judgement. Both the plaintiffs attorney and the defendant's attorney shall sign the judgement file.
 ___________________, J. Terence A. Sullivan Superior Court Judge
 10
Recommendation:
1. Lawrence Morin and Pamela Morin shall share joint custody of their children Sean and Shannon.
2. Their shall exercise a shared parenting arrangement which allows the children to be with each parent in the following manner:
The children shall alternate weekends with their parents from Friday after school until Monday morning to school.
Father will pick the children up after school each afternoon and have them overnight each Monday and Tuesday evening.
Mother will pick the children up from father's residence each Wednesday and Thursday evening and have them overnight.
The parent who has the children on a three day weekend from school will have responsibility for the children on the Monday holiday.
3. Daycare: The parents will mutually decide upon a daycare provider to be used when school is not in session, the children are ill or during those periods when neither adult is unavailable.
4. Vacations: The parents share the school vacation (winter and spring) such that the parent who has the children for the weekend will have responsibility for them until Wednesday morning; the other parent will have the children Wednesday morning through their weekend. Summer: Father will have the children for the month of July and mother will have the children on alternate weekends (Friday evening through Monday morning) and Wednesday overnight to Thursday. Mother will have the children for the month of August and father will have the children on alternate weekends (Friday evening through Monday morning) and Wednesday overnight to Thursday.
5. Holidays: Irrespective of the normal schedule, the parents will share CT Page 6645 the major holidays in the following manner:
Thanksgiving 1999 — mother will have the children from Thanksgiving morning at 9am through Friday at 7pm. Father will have the children for the weekend (Friday 11/26 through 11/28); the parties will alternate this holiday in 2000 with father having Thanksgiving Day. The holiday is to continue to be alternated as such in all following years.
Christmas Eve/Christmas Day 1999 — father will have the children Christmas Eve at 10 am through Christmas morning at loam; mother will have the children Christmas Day at loam though Sunday 12/26 at 7pm. The parties will alternate in 2000 with mother having the children from loam overnight on 12/24 to Christmas morning at 10am, when the children will then be with father. The parties will continue to alternate Christmas Eve/Christmas Day in all following years.
 11
Easter — in 1999, the children will be with father from 9am through the day; in 2000 the children will be with mother from 9am through the day.
July 4th 1999 with mother; July 4th 2000 with father.
6. Neither party will buy or consume alcohol at any time that they are responsible for parenting the children. Nor will they allow the children to be in the care of anyone who is under the influence of alcohol. Neither party will release the children to an individual who is determined to be under the influence of alcohol or illegal drugs.
7. The parties will mutually select a counselor to work with the children and/or the family as recommended. Both parties will arrange for and attend joint counseling with the focus on parenting issues, and individual counseling to address their personal issues.
8. Neither party may relocate out of the state of Connecticut, or within the state if it disrupts the current parenting arrangement, without 90 days notice to the other party and the court. The parties will provide one another with all home and work addresses and telephone numbers, and keep them current at all times.
9. Both parents will share information with each other concerning the children's academic, medical, dental or psychological needs. If they are in dispute as to any important aspects of such needs, they will confer with the appropriate resource to assist them in their decision making. CT Page 6646
Respectfully submitted,
 Maureen C. Gould, MA Family Services Counselor